This was a bill filed in order to obtain relief against abond executed by Wilson Glover, (given on behalf of his brother Moses whilst a minor,) on the purchase of a tract of land, formerly the property of Dupont, from the commissioners of confiscated estates. The tract was sold for 350 acres of high land, and 312 acres of swamp. Mr. Wilson Glover after giving the bond to the commissioners, urged them to have the land re-surveyed, that the real quantity might be ascertained. The survey however was not completed for a considerable time, indeed not till the year 1738. When it was made, it was found that there was a deficiency of 64 acres of high land, and 37 acres of swamp. The bond of Mr. Glover had remained in the treasury for some years; but was delivered, a little before the deficiency was ascertained, to the creditors of Dupont, whose land had been sold as confiscated property, under *434 that clause in the act which directed that the creditors of such persons should be paid out of the sales of their cs-tates. Mr. Smith the defendant holds the bond as the agent of one of those creditors. Upon the deficiency in the quantity of land being discovered, Glover applied to be relieved. But the bond wras put in suit against him at law. Whereupon he filed his bill, in January 1789, to obtain relief in this court.
MARCH, 1795.
It was insisted for complainant, by Mr. Lee, Mr. Prin-gle and Mr. E. Rutledge, that there was no notice of the incumbrance at the time of the sale; at least not of the incumbrance which has actually diminished the quantity , of the land. And no principle is clearer than that wherever a diminution in the quantity of land sold lakes place, the purchaser has a right to a proportionate deduction from the price, or a recision of the contract; according to the extent of the injury done by the diminution. There was no fault on the part of the purchaser. He solicited a survey, and none was made by the commissioners for several years after the sale. The words “ more or less” in the deed of conveyance, are intended to cover trifling diminutions, and prevent litigation, but will not bind the vendee to take the land where the deficiency in quantity, or defect of quality, is material, and greatly affects the utility and value of what remains. The deduction from the price, if the court should think that sufficient, ought not to be made at the rate of what the land sold for per acre, but according to the value of the land taken away compared with the value of the land remaining. The assignee of the bond in this case cannot stand in a better situation than the state. The bond was passed to him, as an old creditor of Dupont, entitled to be paid out of the proceeds of the sales of his confiscated estate. But he must take it subject to all the equity which the purchaser had against the state. The counsel quoted Brown’s P. C. 89. P. Wms. 192, 9, Pitfield vs. Moore. 2 Eq. Cas. 20. 2 Bro. 118, as to the deterioration affecting the whole of the land.
Mr. Smith and general Pinckney, argued for the defendants, that all the allegations in a bill of injunction *435 must be proved, or the. party fails in bis action. That the minority of Moses Glover could not affect this case: for if a minor purchases at a sale, and declines to give up the purchase, but procures an adult friend to take the purchase on him, and to receive the titles in his name, and to give his bond, the transaction cannot be set aside, and the bond avoided on account of the minority of the first purchaser. The judgment against the adult can never be set aside, on account of the minority of the other. (This point was conceded, more especially as Moses Glover had done many acts of confirmation since he came of age.) No camplaint on account of any deficiency was made for two years after the purchase. This is too long. See 1 Eq. Cas. abr. 25. Prec. in Cha. 206. 2 Bro. 118, 330, on a sale of lots of land, two of them could not have the titles compleatcd, but the court would not set aside the whole bargain. As to a want of a survey, Glover took possession without any, and should abide the consequence.
Decree-
The court in delivering the decree stated, that there was no doubt of the deficicney in the quantity of the land sold to Glover. A resurvey has shewn a deficiency of 64 acres of high land and 37 of swamp. Glover had manifested a desire to have the resurvey from the time of the purchase. The delay was not occasioned by his fault, but that of the commissioners. The confiscation act, under which they proceeded, required the lines of the lands to be run, even before the sales. No resurvey was made until 1788; and the deficiency was then ascertained. The complainant could not apply for relief "until the discovery of the deficiency ascertained that he had a reasonable, ground of complaint. As soon as that was known he took means to be relieved. The bond had been previously delivered to defendant, who holds it for one of the creditors of Dupont; and it bad been put in suit at law. Complainant filed bis bill for an injunction against the bond, and for relief, in January 1789. Great stress was laid upon the bonds being in the hands of an innocent third person, a creditor of Dupont, to whom it has been delivered in payment of the debt due by him. But under the circumstances of this case, that cannot *436 make any difference. ■ The state, which sold the land, and the creditors of Dupont, who received the purchaser's bond, stand in the shoes of Dupont: And as a deficien-CJ i*1 the fond would have been a good defence against Dupont himself, had he been the seller, so it will be against the creditor who holds the bond. The equity is good against either; and the complainant is entitled to relief. The deficiency in the quantity of the land is material. It is one sixth of the whole quantity sold, and it takes away almost all the timber land. The plantation is greatly deteriorated by it. Mistake, misconception, or misrepresentation are all good grounds of relief, and for this court to interpose and even to set aside contracts, where the justice of the case may require that. In this case, most of these circumstances occur. It makes no difference that there was no intentional misrepresentation on the part of the commissioners. They were in error as to the quantity of the tract, and their representations led the purchaser into a mistake, from which he should be released. The fall of the pi’ice of land does not alter the case.
It was therefore decreed that the contract be rescinded, and that a perpetual injunction do issue, to stay proceedings at law on the bond given by Wilson Glover, on behalf of Moses Glover, to the commissioners of the treasury. The defendants to pay costs of suit.*

 In this case the purchaser was satisfied to have the contract ¿imply rescinded, and the bond given up. So that no question of the quantum of damages, to which a person evicted by a paramount title, is entitled, came before the court. It is however a question of considerable difficult}', and upon which the tribunals of the different states have differed in opinion more than almost any other. In New-York, and in Pennsylvania, the decisions have followed the English rule, to wit, that the measure of damages, recoverable by the purchaser who is evicted, from the seller, is the value of the land at the time when the deed with warranty was executed! and interest thereon; notwithstanding any improvements, or rise of price. See the cases of Staats vs. executors of Ten Eyck. 3 Cains, 111, Pitcher vs. Livingston. 4 Johnson’s Rep. 1, Morris vs. Phelps. 5 Johnson, 18, Bender vs. Fromberger. 4 Dallas, 441; and the case of Glen’s executors vs. Washmood, stated by Mr. Cooper in his valuable notes to his edition of the Institutes of Justinian: though contrary to his own declared opinion in a case which came before him at Chambersburg in 1804.
*437 In Massachusetts it has been decided m several cases, that tbe measure of damages, on covenant for breach of warranty, was tbe value of tbe land at the time of the eviction. See Caswell vs. Wendell, 4 Mass. Rep. 108; and Gore vs. Brasier, 3 Mass. Rep. 523. (Sed vide 2 Mass. Rep. 407, and 455, for chief justice Parson’s opinion.) So decided in Kirby’s Con. Rep. 3; and in South Carolina, 1 Bay’s Rep. 18, 19, 263, 4, 5. See the cases collected, and clearly stated in Mr. Cooper’s notes to Justinian, p 618, 619, 620. The real owner has never been held liable to pay for the improvements, when he recovered posses',ion of his land: unless he lay by and concealed his title, in which case hf ought not to recover at all. See Cooper’s Justinian, 618. 2 Atk. 83. 2 Eq. Cas. abr. 357. Douglass, 22. Cooper, 473, 6 Term Reports 534.